Niessen Company, Inc. *v.* United States Fidelity & Guaranty Company, Appellant.

446

Argued October 5, 1934.

Before Trexler, P. J.,
Keller, Cunningham, Baldrige, Stadtfeld, Parker
and James, JJ.

*Frederick H. Spotts,* and with him *William C.
Bodine,* of *Pepper, Bodine, Stokes & Schoch,* for appellant.

*Wallace C. Stilz,* and with him *Lester B. Johnson,*
for appellee.

Opinion by Trexler, P. J., December 18, 1934:

This is an action of assumpsit upon a fidelity bond.
The case was tried before the court and jury and a
verdict rendered for the plaintiff. At the trial the
fidelity bond indemnifying against any loss "caused
by any act or acts of fraud, dishonesty or criminal
act," was produced. The proof of loss which was submitted to the insurance company was offered in evi-

dence by the plaintiff; in it is set forth that the employee on the dates and amounts set opposite collected moneys from the several persons listed therein and that she has not paid them over but has fraudulently misappropriated to her own use and benefit the same notwithstanding demand was made by the employer upon the said employee for the same. This proof of loss reciting these facts and drawing the conclusion that there was a fraudulent misappropriation was offered in evidence, but there was an objection to it by counsel for the defendant. Admittedly in the orderly production of the proof of compliance with the terms of the policy upon the part of the plaintiff he had a right to show that he submitted the proof of loss, but its admission should be for that purpose only, but the court, after colloquy with counsel for both sides, admitted it for all purposes, and stated in his opinion it established a prima facie case. This we think was error. There are a number of cases which hold that the proof of loss can be admitted only for the purpose of showing compliance with the terms of the policy. There seems to be no room for argument as to this, but the plaintiff contends that in this case the proof of loss having been attached to the affidavit of defense, the defendant is bound by it. Paragraph six of the statement of claim avers that the plaintiff had filed a proof of loss in accordance with the terms of the policy. In reply paragraph six of the affidavit of defense denied the averment, and in support of the assertion attached the proof of loss as an exhibit. By the assertion on the part of the plaintiff and the answer of the defendant, it is evident that the only question raised as between these two statements was whether the proof of loss complied in its essential details with the requirements of the policy. It was not an admission of the facts stated in the proof of loss. In no view of the matter did it furnish

a prima facie case for the plaintiff. It is not a legitimate conclusion taking the two opposite paragraphs that there is any admission of the facts alleged.

By reason of the improper admission of the proof of loss *for all purposes* we are compelled with some reluctance to reverse the judgment.

The judgment is reversed and a new trial granted.